<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **BRANDT HERSH and MICHELE GLATTER**, <br><br> Plaintiffs, <br><br> v. <br><br> **STATE FARM FIRE AND CASUALTY COMPANY,** *et al.*, <br><br> Defendants. | Civil Action No. 24-6809 (ZNQ) (JTQ) <br><br> **OPINION** |

<u>**QURAISHI, District Judge**</u>

  **THIS MATTER** comes before the Court upon a Motion to Remand filed by Plaintiffs Brandt Hersh and Michelle Glatter (collectively, "Plaintiffs"). ("Motion," ECF No. 10.) Plaintiffs submitted a Brief in support of their Motion. ("Moving Br.," ECF No. 10-1.) Defendants State Farm Fire and Casualty Company ("State Farm"), Brian Harris ("Harris"), and other fictitious defendants (collectively, "Defendants") filed a Brief in Opposition, ("Opp'n Br.," ECF No. 11), to which Plaintiffs submitted a Reply ("Reply Br.," ECF No. 12). The Court has carefully considered the parties' submissions and decides the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1.[1] For the reasons set forth below, the Court will **GRANT** the Motion.

---

[1] All references to Rules hereinafter refer to the Federal Rules of Civil Procedure unless otherwise noted.

I.  **BACKGROUND AND PROCEDURAL HISTORY**[2]

Plaintiffs filed their initial complaint in the Superior Court of New Jersey, Law Division, Monmouth County, on May 6, 2024. ("Compl.," ECF No. 1.) Plaintiffs are domiciled in New Jersey and Defendant State Farm is a resident of Illinois. (*Id.* ¶ 1.) Defendant Harris is a claims specialist for State Farm who is domiciled in New Jersey. (*Id.* ¶ 3.)

As alleged in the Complaint, on or about May 3, 2023, State Farm issued to Plaintiffs a property insurance policy. (*Id.* ¶ 6.) Thereafter, the covered property, suffered significant property damage caused by a leaking water line to a bathroom sink. (*Id.* ¶¶ 7, 8.) On July 18, 2023, Plaintiffs submitted a claim to State Farm pursuant to the policy, but Harris, working as an agent for State Farm, inspected and denied coverage for Plaintiffs' losses. (*Id.* ¶¶ 9, 10, 14.) The Complaint alleges that State Farm reimbursed Plaintiffs for remediation work but that State Farm and Harris "improperly and fraudulently denied coverage for [Plaintiffs'] losses claiming incorrectly, inaccurately, falsely, and without basis that the water damage occurred before the policy became effective." (*Id.* ¶ 14.) Defendants continued to deny Plaintiffs' claim for coverage over the next five months. (*Id.* ¶¶15–17.)

The Complaint, moreover, states that "the true estimate from the builder was approximately $500,000.00, but defendants [Harris] and [State Farm] fraudulently, falsely, and in bad faith manipulated and decreased the cost to repair and replace the damaged property so as to attempt to pay [Plaintiffs] less than the full value of their claim." (*Id.* ¶ 27.) Instead, Defendants "presented [Plaintiffs] with payments totaling $137,009.21" as partial payment to repair the water damage. (*Id.* ¶ 30.) Additionally, Plaintiffs allege that Harris and State Farm "improperly and in bad faith denied [Plaintiffs'] request for an appraisal stating in part that the policy does not permit an

---

[2] For the purposes of this Motion, the Court assumes that the well-pled facts of the Complaint are true.

appraisal process where the parties disagree on the extent of covered damage and the scope of work required to repair that damage." (*Id.* ¶ 32.).

The Complaint asserts four counts. (*See generally id.*) First, Plaintiffs claim Defendants breached the insurance contract. (*Id.* ¶¶ 40, 43, 44.) Second, Plaintiffs assert that Defendants violated the implied covenant of good faith and fair dealing by failing to properly investigate Plaintiffs' claim and "unjustifiably" denying coverage. (*Id.* ¶ 48, 50.) Third, Plaintiffs claim Harris and State Farm failed to act in good faith and failed to fulfill their fiduciary duties towards Plaintiffs. (*Id.* ¶¶ 55, 57.) Lastly, Plaintiffs contend that Defendants committed fraud. (*Id.* ¶¶ 59–68.)

On June 7, 2024, Defendants timely removed the case to this Court.[3] (Notice of Removal, ECF No. 1.) Thereafter, Plaintiffs filed the instant Motion to Remand. (ECF No. 10.)

## II. LEGAL STANDARD

The federal removal statute permits a defendant to remove a civil action from state court to federal court when the district court has original jurisdiction over the action. 28 U.S.C. § 1441(a). Once the case has been removed, however, the court may nonetheless remand it to state court if the removal was procedurally defective or "subject matter jurisdiction is lacking." 28 U.S.C. § 1447(c); *Costa v. Verizon N.J., Inc.*, 938 F. Supp. 2d 455, 458 (D.N.J. 2013). As the party removing the case, the defendant bears the "burden to prove that federal court jurisdiction is proper at all stages of the litigation." *Stephens v. Gentilello*, 853 F. Supp. 2d 462, 465 (D.N.J. 2012) (citing *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004)). The removal statutes "are to be strictly construed against removal and all doubts should be resolved in

---

[3] Pursuant to 28 U.S.C. § 1446, a defendant seeking to remove a case must file "in the district court for the district . . . within which such action is pending" a notice of removal "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." 28 U.S.C. § 1446(a), (b)(1). Here, the Notice of Removal was filed on June 7, 2024, within thirty days after Defendants received the Complaint on May 9, 2024.

favor of remand." *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (quoting *Steel Valley Auth. v. Union Switch & Signal Div., Am. Standard. Inc.*, 809 F.2d 1006, 1010 (3d Cir. 1987)).

A district court may exercise subject matter jurisdiction based on diversity only if the amount in controversy exceeds the value of $75,000 and complete diversity exists among the adverse parties. 28 U.S.C. § 1332(a); *see Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005). Here, there is no dispute that the Complaint asserts damages in excess of $75,000 and that the named parties are *not* diverse. Plaintiff is a citizen of New Jersey; State Farm is a citizen of Illinois; and Harris is a citizen of New Jersey. (*See* Compl. ¶¶ 1, 3.) Because Plaintiffs and Harris are both from New Jersey, there is no complete diversity. Defendants argue, however, that Plaintiffs fraudulently joined Harris to defeat diversity jurisdiction.

The doctrine of fraudulent joinder provides an exception to the requirement that removal be established entirely upon complete diversity. *In re Briscoe*, 448 F.3d 201, 215–16 (3d Cir. 2006). In cases premised on diversity, the removing defendant may avoid remand only by demonstrating that the non-diverse party was fraudulently joined. *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992). Given that the removing party imposes jurisdiction upon a federal court, it must meet a "heavy burden of persuasion" to establish fraudulent joinder. *Id.* (quoting *Steel Valley Auth.*, 809 F.2d at 1012 n.6; *see also Boyer*, 913 F.2d at 111. As such, joinder may only be found fraudulent "when there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against defendants or seek a joint judgment." *Batoff*, 977 F.2d at 851 (quoting *Boyer*, 913 F.2d at 111) (internal quotation marks omitted). "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants,

4

the federal court must find that joinder was proper and remand the case to state court." *Id.* (quoting *Boyer*, 913 F.2d at 111) (internal quotation marks omitted).

### III. DISCUSSION

#### A. Fraudulent Joinder

Defendants' Notice of Removal alleges that Harris was fraudulently joined solely for the purposes of defeating diversity jurisdiction, and the Court should therefore disregard Harris' citizenship. (Notice of Removal, ¶ 10.) Defendants claim that all the allegations against Harris involve his role as a claims specialist acting on behalf of State Farm. (*Id.* ¶ 11.) Defendants' main argument is that Harris was not a party to the contract with Plaintiffs so there is no colorable claim for breach of contract, breach of any implied covenant, and fraud. (*Id.* ¶¶ 12–15.)

In their Motion, Plaintiffs argue that "Defendants direct this Court to no controlling caselaw that establishes that the state law claims asserted against [D]efendant Harris in his individual capacity are insubstantial or frivolous in any capacity." (Moving Br. at 3.) Moreover, Plaintiffs argue that the Complaint states colorable claims against Harris for breach of contract, breach of the duty of good faith and fair dealing, bad faith, and fraud, and that Defendants have not met their burden of showing fraudulent joinder. (*Id.* at 4.) In their Reply Brief, Plaintiffs argue that "the applicable analysis herein is not whether [the] Complaint fails to state a claim upon which relief may be granted but instead, whether said claims are both wholly insubstantial and also frivolous," which, according to Plaintiffs, they are not. (Reply Br. at 2, 3.)

In opposition, Defendants argue that there is no colorable claim against Harris for breach of contract, breach of the implied covenant of good faith and fair dealing, and bad faith because the insurance policy was issued by State Farm, not Harris, and thus, Harris is not a party to the contract. (Opp'n Br. at 4, 6, 7.) Moreover, Defendants claim that there is no colorable claim for

5

fraud because "[P]laintiffs' allegation that '[D]efendants concocted a story that the water damage was pre-existing so as to create a way to deny [P]laintiff's claim' is a claim for breach of contract, not fraud." (*Id.* at 8.)  Lastly, Defendants argue that Count Four alleges violations of New Jersey's Unfair Claim Practices Act, which does not have a private right of action, and thus, cannot be used as a cause of action. (*Id.* at 10 n.3.)[4]

For the reasons set forth below, the Court concludes that Defendants have failed to establish fraudulent joinder under the stringent standard imposed with respect to Plaintiffs' fraud claims against Harris.  As set forth above, to determine whether Harris was fraudulently joined, the Court considers whether Plaintiffs have a reasonable basis in fact or colorable ground to support a claim against Harris.  *See Boyer*, 913 F.2d at 111.  Plaintiff asserts four causes of action against Harris: (1) breach of contract; (2) breach of the duty of good faith and fair dealing; (3) bad faith; and (4) fraud. (Moving Br. at 4; *See generally* Compl.)  If any of these claims against Harris are colorable, Plaintiff's Motion must be granted.

Having reviewed the Complaint, the Court finds that Plaintiffs colorably state a claim against Harris under Count Four (fraud).  Plaintiffs allege that Defendants (including Harris) (1) failed to inspect the premises, (2) "falsely claimed that [Plaintiffs] had failed to support their claim with various documentation," (3) "purposely waited and delayed until day eighteen (18) of the appraisal naming to deny plaintiffs' requested appraisal, and falsely stated that the reason for not engaging in the appraisal process was the difference in scope, among other false reasons," and (4) engaged in unconscionable commercial practices, which constitute common law fraud. (Compl. ¶¶ 59–68.)

---

[4] Defendants add that "if the Court denies the motion to remand . . . it would be appropriate to also dismiss the claims against Harris" under *Pegg v. United Services Auto. Ass'n*, Civ. No. 09-2108, 2009 WL 2928920, at *2 (D.N.J. Sept. 9, 2009).

To state a claim for common law fraud in New Jersey, Plaintiffs must allege: "(1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages." *Torsiello v. Strobeck*, 955 F. Supp. 2d 300, 316 (D.N.J. 2013).  Moreover, to state a claim for fraudulent concealment, a plaintiff must allege that the defendant had "(1) a legal duty to disclose (2) a material fact (3) that plaintiff could not discover without defendant disclosing it; (4) that defendant intentionally failed to disclose that fact; and (5) that plaintiff was harmed by relying on the non-disclosure." *Polhill v. FedEx Ground Package Sys.*, 604 F. App'x. 104, 107 n.2 (3d Cir. 2015) (citing *Rosenblit v. Zimmerman*, 766 A.2d 749, 757 (N.J. 2001)).  "[A] party has no duty to disclose information to another party in a business transaction unless a fiduciary relationship exists between them, unless the transaction itself is fiduciary in nature, or unless one party 'expressly reposes a trust and confidence in the other.'" *N.J. Econ. Dev. Auth. v. Pavonia Rest., Inc.*, 725 A.2d 1133, 1139 (N.J. Super. App. Div. 1998) (citation omitted); *see also Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1185 (3d Cir. 1993) ("New Jersey courts will not imply a duty to disclose, unless such disclosure is necessary to make a previous statement true or the parties share a 'special relationship.'") (citation omitted).

Here, Plaintiffs have stated a colorable claim of fraud.  The Complaint alleges that "Harris on behalf of [State Farm] improperly and fraudulently denied coverage for [P]laintiffs' losses claiming incorrectly, inaccurately, falsely and without basis that the water damage occurred before the policy became effective." (Compl. ¶ 14.)  Moreover, the Complaint states that (1) Defendants "made material misrepresentations and have omitted material facts," (*id.* ¶ 60), (2) Defendants' conduct was "misleading and made with the intent to deceive," (*id.* ¶ 61), and (3) Defendants "concocted a story that the water damage was pre-existing so as to create a way to deny plaintiff's

7

claim." (*Id.* ¶ 62). Plaintiffs also allege that "Defendants [] falsely claimed that plaintiffs had failed to support their claim with various documentation, when in fact said materials had previously been submitted on numerous occasions." (*Id.* ¶ 66.) In short, for purposes of refuting an assertion of fraudulent joinder, these allegations are sufficient. They articulate each of the required elements for fraud: a material misrepresentation, knowledge or belief of its falsity, reliance, and damages. *See Torsiello*, 955 F. Supp. 2d at 316. Because a review for possible fraudulent joinder does not consider whether a claim is "viable," but merely whether the claim is "wholly insubstantial and frivolous," the Court finds that there is a colorable basis for Plaintiff's claim for fraud (Count Four) against Harris. *See In re Briscoe*, 448 F.3d at 218.

Notably, as Plaintiffs point out, Defendants attack the merits of Plaintiffs' claims, misconstruing the fraudulent joinder analysis for one appropriate under a motion to dismiss. (*See* Reply Br. 2, 3.) As the Third Circuit has made clear, the two analyses are distinctly different:

> [T]he inquiry into the validity of a complaint triggered by a motion to dismiss under Rule 12(b)(6) is more searching than that permissible when a party makes a claim of fraudulent joinder. Therefore, it is possible that a party is not fraudulently joined, but that the claim against that party ultimately is dismissed for failure to state a claim upon which relief may be granted.

*Batoff*, 977 F.2d at 852; *see also McDermott v. CareAllies, Inc.*, 503 F. Supp. 3d 225, 237 (D.N.J. 2020) (observing in the context of a motion to remand based on fraudulent joinder that "the benchmark here is considerably lower than that triggered by Rule 12(b)(6).").

Given that the Complaint contains at least one colorable claim against Harris, the Court finds that Defendants' fraudulent joinder argument fails.[5] Accordingly, the Court concludes that

---

[5] Because the Court finds that Harris was properly joined with respect to a count of the Complaint, it need not analyze the others. *Victorin v. Jones Lang LaSalle*, Civ. No. 20-18123, 2021 WL 651200, at *2 (D.N.J. Feb. 18, 2021) ("The plaintiff need only show that it has one colorable claim against a non-diverse defendant.") (citing, among other cases, *Batoff*, 977 F.2d at 851).

Harris was properly joined and that his joinder means that the parties are not completely diverse. This action must therefore be remanded to state court for lack of subject matter jurisdiction.

**B.     Costs and Attorneys' Fees**

Plaintiff argues that it is entitled to attorneys' fees and costs because Defendants' "removal to this Court was based entirely on an unsupported and unproven allegation that plaintiffs engaged in bad faith by naming Brian Harris as a defendant." (Moving Br. at 5.)  Defendants contend that it had "an objectively reasonable basis for removing this case, [and] the Court should deny" Plaintiffs' request for attorneys' fees. (Opp'n Br. at 11.)

The Supreme Court has explained that under Section 1447(c) an award of attorney fees resulting from a remand is discretionary upon the district court's judgment. *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 136 (2005).  In *Martin*, the Court explained that "the statutory language and context strike us as more evenly balanced between a pro-award and anti-award position." *Id.* at 138.  This is not to say that the decision is made on a whim. *Id.*  A district court is to be guided by the principles of preservation of judicial resources insofar as the process of removal may "impose[] additional costs on both parties, and waste[] judicial resources." *Id.* at 140.  As such, a district court undertakes a reasonableness analysis in which, "absent unusual circumstances, courts may award attorney's fees . . . only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* at 141.

Here, the Court finds that Defendants set out an objectively reasonable basis for removal based upon their belief that Harris was fraudulently joined, despite the Court's disagreement with their position.  (*See generally* Notice of Removal.)  The Court also does not find evidence of bad faith in Defendants' removal.  As such, the Court will deny Plaintiffs' request for attorneys' fees.

## IV. CONCLUSION

For the reasons stated above, the Court will **GRANT** the Motion. The matter will be remanded to the Superior Court of New Jersey, Law Division, Monmouth County. An appropriate Order will follow.

Date: January 9, 2025

                                       s/ Zahid N. Quraishi
                                       **ZAHID N. QURAISHI**
                                       **UNITED STATES DISTRICT JUDGE**